UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| American Builders Insurance Company Risk Retention Group, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>J&L Roofing LLC, Spann Roofing Repair Services, LLC f/k/a Spann Residential Roofing, Inc., Chapman Construction of S.C., LLC and John C. Wase,<br><br>Defendants. | CASE NO.   2:26-cv-3262-RMG<br><br><br>**PLAINTIFF'S DECLARATORY JUDGMENT COMPLAINT AGAINST DEFENDANTS** |

NOW COMES Plaintiff American Builders Insurance Company Risk Retention Group, Inc. ("Plaintiff") complaining of the Defendant J&L Roofing LLC (the "Insured"), Defendant Spann Roofing Repair Services, LLC f/k/a Spann Residential Roofing, Inc. ("Spann"), Defendant Chapman Construction of S.C., LLC ("Chapman"), and Defendant John C. Wase ("Wase") and alleges and states that:

Plaintiff files this Complaint pursuant to South Carolina Code Annotated §15-53-10, et seq., the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201 and Federal Rule of Civil Procedure 57.

**PARTIES, JURISDICTION, & VENUE**

1. Plaintiff is registered to conduct business in the state of South Carolina and is domiciled in Alabama.

2. The Insured is a limited liability company organized and existing pursuant to the laws of the state of South Carolina and transacts business within the jurisdiction of this Court.

3. Spann is a limited liability company organized and existing pursuant to the laws of the state of South Carolina and transacts business within the jurisdiction of this Court[1].

4. Chapman is a limited liability company organized and existing pursuant to the laws of the state of South Carolina and transacts business within the jurisdiction of this Court.

5. Wase is an individual and resident of South Carolina residing within the jurisdiction of this Court.

6. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

7. Jurisdiction and venue are proper.

**FACTUAL ALLEGATIONS**

8. Plaintiff reincorporates by reference, as if set forth at length herein, Paragraphs 1 through 7.

9. On April 28, 2020, Plaintiff issued a Commercial General Liability Policy to the Insured, Policy No. ABIC07337-00, with a policy period from 4/28/2020 to 4/28/2021 (the "2020 Policy"). A copy of the 2020 Policy is attached hereto as Exhibit "A."

10. On April 28, 2021, Plaintiff issued a Commercial General Liability Policy to the Insured, Policy No. ABIC07337-01, with a policy period from 4/28/2021 to 4/28/2022 (the "2021 Policy"). A copy of the 2021 Policy is attached hereto as Exhibit "B."

11. The 2020 Policy and 2021 Policy will be collectively referred to as the "Policies."

12. On June 10 2021, Wase and Chapman entered into a written contract for the construction of a residence at 2372 South Waccamaw Drive, Pawleys Island, South Carolina, 29576, TMS #41-0131-033-09-00 (the "Property").

13. Thereafter, Chapman hired Spann as a subcontractor.

---

[1] On March 30, 2026, Spann Residential Roofing, Inc. filed Articles of Merger with the South Carolina Secretary of State to be merged with the surviving entity known as Spann Roofing Repair Services, LLC.

14. On or about March 20, 2022, Spann hired J&L to install a standing seam metal roof at the Property.

15. Upon information and belief, all work at the Property was completed by July 2023.

16. Subsequently, disputes arose by and between Chapman and Wase regarding payment.

17. On January 16, 2024, Chapman filed a Summons and Complaint against Wase, styled as *Chapman Construction of S.C., LLC v. John C. Wase a/k/a Johnny Wase*; Georgetown County Court of Common Pleas; Civil Action No. 2024-CP-22-00035 (the "Underlying Action").

18. On April 10, 2025, in the Underlying Action, Wase filed an Amended Counterclaim asserting additional causes of action for Breach of Express Warranties, Breach of Implied Warranties, Negligent Misrepresentation, Negligence, and Gross Negligence.

19. On April 10, 2025, in the Underlying Action, Wase also filed a Third-Party Complaint against numerous Chapman subcontractors, including Spann. Wase's claims against the subcontractors and Spann allege "the Project was not properly constructed in a good and workmanlike manner and that among other things, the failure to properly perform the work of the Project has caused damage, including, but not limited to, water damage, cracked concrete floors, gaps in the insulation, faulty hardware, and other issues."

20. On December 29, 2025, in the Underlying Action, Spann filed its claims against the Insured via a Fourth-Party Complaint and alleged:

    a. Spann entered into a Subcontractor Agreement with the Insured, effective March 20, 2022, for installation of a standing seam metal roof at the residence;

    b. Pursuant to such agreement, the Insured was to provide all labor, material, equipment and work necessary to complete installation of the standing seam metal roof;

    c. Although Spann is without fault, by virtue of the alleged acts and omissions of the Insured, Spann has been or will be subjected to damages including, but not limited to,

extra workload, repair or repair costs of the defective work, previously unknown breaches of common law duties, express and implied warranties, and contractual relationships with other parties, costs of investigation, damage and harm to reputation, and potentially attorneys' fees and litigation costs incurred due to the Insured's defective, latent, and previously unknown errors;

d. Spann paid the Insured in full, however, the Insured breached the agreement by its improper, incorrect, unsafe and defective work and failing to exercise that degree of skill necessary to perform the work and/or oversee the work in conformity with the manufacturer's specifications and the customary and ordinary standards of the industry; and

e. The Insured breached this contract by performing defective work, which directly caused or contributed to Wase's alleged damages.

21. To date, Plaintiff has provided the Insured with a defense in the Underlying Action.

22. On May 22, 2026, Plaintiff sent to the Insured a correspondence which provided notice of denial of the claims in the Underlying Action pursuant to the 2020 Policy. A copy of which is attached hereto as Exhibit "C."

23. On May 22, 2026, Plaintiff sent to the Insured a correspondence which provided notice of a reservation of rights of the claims in the Underlying Action pursuant to the 2021 Policy. See Exhibit C.

24. This matter involves a declaratory judgment action to determine whether coverage exists pursuant to the Policies for the claims brought in the Underlying Action.

25. Plaintiff brings this matter pursuant to the South Carolina Code Annotated § 15-53-10, et. seq. and involves an actual, justiciable controversy between the parties as described herein.

26. This action is brought pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201 and seeks a declaration that the Policies do not provide insurance coverage for the claims alleged in the Underlying Action.

## FOR A FIRST CAUSE OF ACTION

### (Declaratory Judgment Action)

27. Plaintiff reincorporates by reference, as if set forth at length herein, Paragraphs 1 through 26.

28. Plaintiff alleges there is no coverage and no duty to defend or indemnify pursuant to the Policies for the claims alleged in the Underlying Action.

29. Plaintiff provided timely and written notice to the Insured.  See Exhibits A, B and C.

30. This Court has authority to grant declaratory relief and judgment and to declare the rights and other relations of these interested parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201 and, since this Court is sitting in diversity, pursuant to the South Carolina Uniform Declaratory Judgments Act, S.C. Code Ann. Section 15-53-10 et. seq. and Section 15-53-40 relating specifically to construction of an insurance contract.

31. Plaintiff is entitled to a declaration that there is no coverage pursuant to the 2020 Policy for the claims brought forth in the Underlying Action because the 2020 Policy expired on April 28, 2021.  Spann alleges the Insured was hired for the installation of a standing seam metal roof on or about March 20, 2022.  Therefore, Spann's allegations are not based upon and do not allege occurrences "during the policy period" and therefore there is no coverage pursuant to the 2020 Policy.

32. Plaintiff is entitled to a declaration that there is no coverage pursuant to the 2021 Policy for the claims brought forth in the Underlying Action because Spann alleges it hired the Insured for the installation of a standing seam metal roof on or about March 22, 2022.  The 2021 Policy expired on April 28, 2022.  In the event the work provided by the Insured at the Property

occurred after April 28, 2022, then there is no occurrence "during the policy period" and therefore there is no coverage pursuant to the 2021 Policy.

33. Plaintiff is entitled to a declaration that there is no coverage pursuant to the 2021 Policy for the claims brought forth in the Underlying Action because the allegations against the Insured include causes of action based upon excluded contractual liability.

34. Plaintiff is entitled to a declaration that there is no coverage pursuant to the 2021 Policy for the claims brought forth in the Underlying Action because, to the extent, the Insured retained subcontractors to work at the Property, then the Insured failed to comply with the Contractors Special Conditions.

35. Plaintiff is entitled to a declaration that there is no coverage pursuant to the 2021 Policy for the claims brought forth in the Underlying Action because, to the extent, punitive or exemplary damages are sought against the Insured and recovered, then there is no coverage pursuant to the 2021 Policy.

36. Plaintiff is entitled to a declaration that there is no coverage pursuant to the 2021 Policy for the claims brought forth in the Underlying Action because the Roofing Limitation Exclusion precludes coverage for property damage arising out of "any job site where you are working, or have worked, on a roof of a building or structure, whether work is completed or not, in excess of three (3) stories or thirty-six (36) feet in height." The roof at the Property is four-stories and in excess of thirty-six (36) feet in height.

37. Plaintiff is entitled to a declaration that there is no coverage pursuant to the 2021 Policy for the claims brought forth in the Underlying Action because the Insured's work at the Property was incomplete and/or abandoned.

38. Plaintiff is entitled to a declaration that there is no coverage pursuant to the 2021 Policy for the claims brought forth in the Underlying Action because the Insured has failed to comply with the Self-Insured Retention requirements of the 2021 Policy.

WHEREFORE, Plaintiff prays that this Honorable Court issue an Order declaring there is no coverage pursuant to the Policies for the claims brought forth in the Underlying Action, and for such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

*/s/ Christopher C. Mingledorff*
Christopher C. Mingledorff
South Carolina Bar No. 100390
S.C. District Court Bar No. 12034
chris@mlegalteam.com
MINGLEDORFF LAW GROUP, LLC
100 Coastal Drive, Suite 210
Charleston, South Carolina 29492
(843) 377-8295 – Telephone
***Attorney for Plaintiff***

August 6, 2026
Charleston, South Carolina